CAROLINE WHEELER *vs.* ODD FELLOWS' MUTUAL AID & ACCIDENT
ASSOCIATION.

November 22, 1890.

**Mutual-Benefit Insurance — Construction of Certificate — Assent of
Beneficiary.**—Plaintiff's husband took from defendant a policy insuring
his life in the sum of $1,000, payable to her.   Afterwards, for the pur-
pose of increasing the insurance to $3,000, he took from defendant a sec-
ond policy in the sum of $3,000, payable to her.   The application for it,
referred to in, and expressly declared a part of, the second policy, showed
that the purpose was not to make additional insurance to the amount of
$3,000, but to increase the former insurance to that amount.   After the
husband's death, she claimed and received from defendant the amount of
the second policy.   *Held*, that she was chargeable with notice of the con-
tents of that policy, and of the application for it, and, by accepting its
benefits, she consented to it having the effect intended,—that of super-
seding the first policy.

Appeal by plaintiff from an order of the district court for Henne-
pin county, refusing a new trial after a trial before *Hooker*, J., (a
jury being waived,) and judgment ordered for defendant.

*S. L. Pattee* and *W. H. Adams*, for appellant.

*Thomas Canty*, for respondent.

GILFILLAN, C. J.    October 8, 1885, W. C. Wheeler took from the
defendant a policy of insurance, No. 2,049, insuring his life in the sum
of $1,000, payable upon his death to this plaintiff, his wife.    In
June, 1888, he applied for a policy insuring his life in the sum of
$3,000, payable to plaintiff.    In the application were these questions
and answers: "What amount of insurance do you want to carry in
this association?   $3,000.   Is this application made for increased
insurance?   Yes; from $1,000 to $3,000.   What is the number of
your old certificate?   2,049."   On this application, defendant's pol-
icy, No. 8,969, insuring the life of the applicant in the sum of $3,000,
payable to plaintiff, issued.   The policy referred to the application,
and declared it to be a part of the policy.   In October, 1888, Wheeler
died.   The plaintiff made proofs of death and application for pay-

ment under both policies.. The defendant paid the $3,000 policy, but refused to pay the other. The action is to recover on the first, or $1,000, policy. The statement of the case really determines it. It is beyond question that the second policy was intended, not as additional insurance to its full amount, but as an increase of the insurance from $1,000 to $3,000; that it was not intended that both policies should remain in force, but that the second should be in lieu of and as a substitute for the first. It is true the husband and the defendant could not, without the consent of plaintiff, the beneficiary, cancel or make any arrangement affecting her interest in the first policy. With notice of what they attempted to do she might ratify or repudiate their acts. But she could not do both, nor affirm in part and disaffirm in part. As soon as she asserted a claim under the second policy, she became charged with notice of its contents, and its contents apprised her of the purpose with which it was executed,—that it was intended to supersede the former policy; and by accepting the benefit of the second policy, she consented to its having the effect which, as she knew, was its purpose, to wit, to supersede the first.

Order affirmed.